# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**MAJED ABDULLAH MALIKI,**

    **Plaintiff,**

v.                                          Case No. 2:16-cv-06112

**RICHARD SCHAFFER, Wood County Assessor,
and WOOD COUNTY ASSESSORS OFFICE,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss (ECF No. 4).

## PROCEDURAL HISTORY

On July 7, 2016, the plaintiff, Majed Abdullah Maliki, filed a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). However, before the court had conducted that screening and ruled on the Application, the defendants filed a Motion to Dismiss (ECF No. 4) and a Memorandum of

Law in support thereof (ECF No. 5), asserting that this court lacks subject matter jurisdiction over the Complaint, that the Complaint fails to state a claim upon which relief can be granted, and that the Complaint was not served on the defendants within the time period allotted in Rule 4(m) of the Federal Rules of Civil Procedure. The plaintiff has not responded to the defendants' motion.

## STANDARD OF REVIEW

### *Dismissal for lack of subject matter jurisdiction*

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

### *Dismissal for failure to state a claim upon which relief can be granted*

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a

claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The plaintiff's Complaint concerns the plaintiff's attempts to qualify for the West Virginia Homestead Tax Exemption[1] (hereinafter "the exemption") and the defendants' denial thereof. The plaintiff alleges that, in the spring of 2007 (no specific date provided), after receiving disability benefits from the government, the plaintiff purchased a home in

---

1 The West Virginia Homestead Tax Exemption is found in West Virginia Code § 11-6B-1 *et seq.*, which provides for an exemption from state ad valorem property tax for the first $20,000 of assessed value of a single family residence owned by a claimant who is 65 years old or older or who is certified as being permanently and totally disabled as defined in the statute.

3

Vienna, West Virginia. (ECF No. 2 at 2). The plaintiff further alleges that in or around the first week of May of 2007, he contacted the Wood County Assessor's Office to inquire about signing up for the exemption. (*Id.*) The unidentified female with whom the plaintiff spoke allegedly explained the exemption and mailed the plaintiff the form to apply for it. (*Id.*) The plaintiff further alleges that he completed and mailed the form to the Assessor's Office, along with confirmation of his eligibility for the exemption (consisting of his disability benefits approval letter and a copy of his WV Medicaid/medicate card). (*Id.*)

The Complaint further alleges that, around the third week of July of 2007, the plaintiff went to the town square to pay his taxes owed for the prior year. (*Id.* at 3). While there, he inquired about the status of his exemption application. (*Id.*) According to the Complaint, the plaintiff was advised that he was not eligible for the exemption, which he disputed with the unidentified female who was assisting him. (*Id.*) The plaintiff states that he got upset and left without paying his taxes. (*Id.* at 3-4). When he returned home, he called the Assessor's Office and again spoke with the woman who had sent him the application form, who allegedly advised him that he was not then eligible for the exemption, because he had not met the residency requirement. (*Id.* at 4).

The plaintiff further alleges that he re-applied for the exemption in November of 2007, but was again denied. (*Id.* at 5). He further alleges that this continued repeatedly until March of 2010, when he was apparently on the verge of losing his home.[2] The Complaint further alleges that the plaintiff continued to apply for the exemption until 2015, and again was repeatedly denied. Apparently, the plaintiff ultimately lost his home for the failure to pay taxes, which he asserts he did not owe "under federal law." (*Id.* at 5-

---

2 It is unclear from the Complaint whether the plaintiff paid no taxes during this time period and whether his allegation that he was about to lose his home was due to such failure.

6). The plaintiff alleges that his home was taken from him while he was incarcerated at a regional jail on an unrelated misdemeanor DUI charge. (*Id.* at 6).

The plaintiff contends that the acts of the defendants were intentional, malicious and racially-motivated. He seeks monetary damages in the amount of $5.1 million to recover for the loss of his personal possessions, which he claims were "stolen" from him.

On February 1, 2017, the defendants filed their Motion to Dismiss (ECF No. 4). The Motion and Memorandum in Support thereof (ECF No. 5), assert that the Complaint contains confusing and incomprehensible factual and legal allegations which make it "impossible to discern what Plaintiff is alleging against them" and which fail to support any plausible and cognizable cause of action against them. Moreover, the defendants contend that the plaintiff has not established the existence of subject matter jurisdiction for his claim(s), which is fatal to his ability to pursue relief in this federal court.

### A. Lack of subject matter jurisdiction.

As noted by the defendants, the plaintiff has not specifically alleged a claim against the defendants that would entitle him to relief under the United States Constitution or any federal statute. Thus, the plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331. (ECF No. 5 at 7, 9-10). The defendants' Memorandum of Law states:

> Plaintiff purports to bring his claims "because the complaint alleges/questions whether [sic] or not federal laws have been broken and utterly disregarded[,]" and that his "constitutional rights have been violated and/or denied . . ." *See*, ECF No. 2, at ¶ 1. However, Plaintiff later details the bases of his claims by noting that he was allegedly deprived of the opportunity to apply for the West Virginia Homestead Tax exemption. Id., at ¶¶ 6-11.
>
> The West Virginia Homestead Tax Exemption is not federal law and cannot form the basis of federal question jurisdiction. The West Virginia Homestead Tax exemption, West Virginia Code § 11-6B-1 *et seq.*, provides

5

> an exemption to West Virginia's annual ad valorem taxes. It is not, as
> Plaintiff claims, taxes that he did not owe under federal law. ECF No. 2, at
> ¶ 10.

(ECF No. 5 at 10).

The defendants further assert that the plaintiff's blanket invocation of the federal Constitution is insufficient to confer subject matter jurisdiction based upon a federal claim. Nor, as the defendants assert, can the plaintiff meet the requirements for diversity of citizenship jurisdiction under 28 U.S.C. § 1332, as both he and the defendants are citizens of the State of West Virginia. (ECF No. 5 at 7-9). The plaintiff has not disputed these assertions.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over the plaintiff's claims against the defendants.

### B. Failure to state a claim upon which relief can be granted.

The defendants further assert that the Complaint fails to state any plausible claim for relief against them. As noted above and in the defendants' Memorandum of Law, in order to survive a motion to dismiss, the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*, 550 U.S. at 570. Thus, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, 556 U.S. at 678. The defendants assert that "[a] complaint can survive a motion to dismiss only if it 'alleges the specific conduct violating the plaintiff's right, the time and the place of that conduct, and the identity of the responsible officials.'" *Preast v. McGill*, 65 F. Supp.2d 395, 403 (S.D. W. Va. 1999) (quotations marks and citation omitted). (ECF No. 5 at 4).

The defendants assert that the plaintiff's Complaint, as pled, fails to state any facts that give rise to a plausible claim for relief. They assert that the Complaint "rambles about[,] discussing [the plaintiff's] personal history, without alleging how the Defendants allegedly deprived him of any rights, what rights were allegedly deprived, or when such alleged deprivation occurred." (ECF No. 5 at 6).

Although the Complaint names Robert Schaffer, the Wood County Assessor, and his office as defendants, it fails to articulate any specific conduct by Mr. Schaffer that would give rise to a plausible federal constitutional claim. Rather, the Complaint appears to attribute liability vicariously to Mr. Schaffer for the conduct of unspecified individuals in his office in denying him a state tax exemption. He further appears to attribute the seizure or loss of his home for his own failure to pay his state taxes to the defendants.

Likewise, although the plaintiff has named the Wood County Assessor's Office as a defendant, the Complaint fails to allege any policy or custom of that entity that he contends caused him constitutional injury, in order to be able to state a plausible claim for relief against the county. A county may not be held vicariously liable for the alleged constitutional violations perpetrated by its employees. Rather, political subdivisions are only liable for their own constitutional torts. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Zsigray v. Cty. Comm'n of Lewis Cty.*, No. 2:16-CV-64, 2017 WL 462011, at *6 (N.D. W. Va. Feb. 2, 2017). In order to show that a governmental entity caused a constitutional deprivation, plaintiff must prove that the deprivation was directly caused by, or resulted from, the execution of an official policy or custom instituted by the government itself. *Monell*, 436 U.S. at 694.

Consequently, even if the presiding District Judge were to determine that there is subject matter jurisdiction over the plaintiff's claims, the undersigned proposes that the

presiding District Judge **FIND** that the plaintiff's Complaint, as pled, fails to state a claim upon which relief can be granted.³

## **RECOMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' unopposed Motion to Dismiss (ECF No. 4) and **DISMISS** this civil action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

---

3  Although the defendants' Motion to Dismiss and Memorandum of Law also cite to Rule 4(m) of the Federal Rules of Civil Procedure as a basis for dismissal of the Complaint, those documents do not elaborate on that assertion.  Because there are other bases for dismissal of the Complaint, the undersigned finds it unnecessary to propose a specific finding on this basis.  Nevertheless, the undersigned notes that, because the plaintiff applied to proceed *in forma pauperis*, this matter was subject to the initial screening requirements under 28 U.S.C. § 1915(e)(2)(B), and officers of the court are responsible for service of process in such matters.  Consequently, if the presiding District Judge declines dismissal of the Complaint on the other grounds raised by the defendants, the undersigned believes there would be good cause to extend the Rule 4(m) period to permit service of process within a reasonable time.

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 25, 2017

Dwane L. Tinsley
United States Magistrate Judge